UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES JOHNSON,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>LOS ANGELES SHERIFF'S DEPARTMENT, ET AL.,<br><br>　　　　　　Defendant(s). | Case No. CV 19-5070-RGK (KK)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

**I.**

**INTRODUCTION**

Plaintiff James Johnson ("Johnson" or "Plaintiff"), proceeding pro se and in forma pauperis, filed a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging defendants Los Angeles Sheriff's Department ("LASD"), Alex Villanueva, Sheriff of LASD ("Villanueva"), Deputy Inez ("Inez"), and Sergeant Moore ("Moore") (collectively, "Defendants") violated his rights to equal protection, due process, "to be safe and secure in [his] person," and to be free from cruel and unusual punishment. For the reasons discussed below, the Court dismisses the Complaint with leave to amend.

///

///

# II.

# **ALLEGATIONS IN THE COMPLAINT**

On June 5, 2019,[1] Johnson, who is currently detained at Men's Central Jail in Los Angeles, California, constructively filed the Complaint. In the Complaint, Johnson alleges defendant Inez assaulted him and defendant Moore improperly disciplined him for the incident. ECF Docket No. ("Dkt.") 1, Compl. While not entirely clear as to which Defendants are associated with which claims, it appears Johnson is alleging (1) excessive force, cruel and unusual punishment, equal protection, and "right to be safe and secure" claims against defendant Inez in his official and individual capacities; (2) due process and equal protection claims against defendant Moore in his official and individual capacities; and (3) all of the above claims against the LASD and defendant Villanueva in their official capacity. Id.

According to the Complaint, on January 22, 2019, while Johnson was walking through a metal cage to the prison yard, defendant Inez directed Johnson to "come here." Compl. at 15. Johnson walked over to defendant Inez, who directed Johnson to "face the side of the cage." Id. Johnson complied with his hands "interlaced behind [his] back." Id. Defendant Inez stood behind Johnson and told Johnson, "I heard what you said." Id. Defendant Inez then "wrapped his hand around [Johnson's] fingers, squeezing Johnson's fingers together." Id. at 15-16. Johnson twice turned around to tell defendant Inez he was in pain, and was "punched square in the face with a closed fist" by defendant Inez. Id. at 16. Defendant Inez punched Johnson "3-4 more times in the face" and Johnson was pushed to the ground and shackled by other officers. Id. The officers continued to use force on Johnson

---

[1] The Complaint is not signed or dated; however, an envelope submitted with the Complaint indicates it was given to prison authorities on June 5, 2019. Dkt. 1 at 23. Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010); see Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to Section 1983 suits filed by pro se prisoners"). The Court, therefore, deems June 5, 2019 the constructive filing date for purposes of this Order.

2

causing pain and injury to Johnson's lip, nose, leg, and ankle. Id. Johnson claims he experienced "pain all over [his] body" at a level of "7 or 8" on a scale of 1-10. Id.

As a result of the incident with defendant Inez, Johnson was charged with assaulting a staff member and had a disciplinary review meeting with defendant Moore on February 2, 2018. Id. at 17. The disciplinary proceeding resulted in Johnson being placed in administrative segregation ("ad-seg") for 29 days, and reclassification from "general population to K10 status." Id. at 17-18.

Johnson "believe[s] that what happened with [defendant] Inez was racially motivated" because he was "the only Black inmate going to yard" on the day of the incident, id. at 15, and prisoners are treated differently by guards of different races, id. at 18. Johnson also points to statements made by defendant Inez and another guard after the incident. Id. Specifically, Johnson alleges after the incident, defendant Inez stated he "got your Black friend there" (referring to Johnson and addressing Johnson's friend), and another guard implicitly agreed Johnson was assaulted because of his race by stating it was "wrong but it's how it is." Id.

Johnson seeks compensatory and punitive damages and "therapy with a licensed professional paid for by Defendants." Id. at 21.

## III.

## **STANDARD OF REVIEW**

Where a plaintiff is incarcerated and/or proceeding in forma pauperis, a court must screen the complaint under 28 U.S.C. §§ 1915 and 1915A and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A; see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In determining whether a complaint fails to state a claim for

3

screening purposes, a court applies the same pleading standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and a court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If a court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

## IV.

## DISCUSSION

### A. THE COMPLAINT MUST BE STRICKEN BECAUSE IT IS UNSIGNED

Pursuant to Federal Rule of Civil Procedure 11, "Every pleading, written motion, and other paper must be signed… by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Further, "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the… party's attention." Id. Here, Plaintiff failed to sign the Complaint. Therefore, the Complaint must be stricken. See West v. Hulbert, No. 1:16-CV-46-DAD-JLT (PC), 2016 WL 2854416, at *1 (E.D. Cal. May 16, 2016) (striking unsigned civil rights complaint with leave to amend).

### B. PLAINTIFF FAILS TO STATE AN OFFICIAL CAPACITY CLAIM AGAINST ANY DEFENDANT

#### 1. Applicable Law

A municipality can be liable under Section 1983 "when execution of a government's policy or custom" inflicts a constitutional injury. Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L.

Ed. 2d 114 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985); Larez v. City of L.A., 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166.

To state a cognizable Section 1983 claim against a municipality or local government officer in his or her official capacity, a plaintiff must show the alleged constitutional violation was committed "pursuant to a formal governmental policy or a 'longstanding practice or custom which constitutes the "standard operating procedure" of the local governmental entity.'" Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992). Proof of random acts or isolated events is insufficient to establish a custom or practice. Thompson v. City of L.A., 885 F.2d 1439, 1444 (9th Cir. 1989). Rather, a plaintiff must prove widespread, systematic constitutional violations which have become the force of law. Board of Cty. Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 404, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997). In addition, a plaintiff must show the policy, practice, or custom was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).

## 2. Analysis

Here, Johnson fails to state a Section 1983 claim against LASD,[2] or any defendant in their official capacity because Johnson has not shown any "policy or

---

[2] The Ninth Circuit has held "both the LASD and the County [of Los Angeles]" can be subject to liability under Section 1983 because "the LASD is a separately suable entity." Streit v. Cty. of Los Angeles, 236 F.3d 552, 555-56, 566 (9th Cir. 2001); see also Hurth v. Cty. of Los Angeles, No. CV 09-5423-SVW (PJWx), 2009 WL 10696491, at *4 (C.D. Cal. Oct. 28, 2009) (finding "under Ninth Circuit precedent the Sheriff's Department is a suable 'person' under 42 U.S.C. § 1983").

However, courts in this district have also found that "municipal departments are improper defendants in section 1983 suits". Nichols v. Brown, 859 F. Supp. 2d 1118, 1137 (C.D. Cal. 2012); see also Smith v. Cty. of Los Angeles, No. CV 12-02444-JAK (JEM), 2013 WL 1829821, at *7 (C.D. Cal. Mar. 12, 2013), report and recommendation adopted, No. CV 12-02444-JAK (JEM), 2013 WL 1628609 (C.D. Cal. Apr. 16, 2013) (finding "the term 'persons' in [a 1983 action] does not include municipal departments.").

6

custom" was the "moving force" behind the alleged constitutional violations. Johnson claims he was physically beaten by defendant Inez, compl. at 15-16; however, the alleged assault appears to be an isolated incident. Thompson, 885 F.2d 1439. While Johnson also alleges this incident was "racially motivated", compl. at 18, he does not allege facts indicating there is a practice or procedure of assaulting or punishing inmates on the basis of race. Gillette, 979 F.2d at 1346. Further, Johnson has not alleged facts showing his punishment of ad-seg placement and K-10 status resulted from any widespread policy that violates due process rights of the accused. Brown, 520 U.S. at 404.

Accordingly, Johnson's Section 1983 claim against the LASD and Defendants in their official capacity must be dismissed.

## C. PLAINTIFF FAILS TO STATE A FOURTEENTH AMENDMENT DUE PROCESS CLAIM AGAINST DEFENDANT MOORE IN HIS INDIVIDUAL CAPACITY

### 1. Applicable Law

The Due Process Clause of the Fourteenth Amendment protects individuals against deprivations of "life, liberty, or property." U.S. Const. amend. XIV, § 1. "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221, 125 S. Ct. 2384, 162 L. Ed. 2d 174 (2005) (citations omitted). Due process analysis "proceeds in two steps: We first ask whether there exists a liberty or property interest of which a person has been deprived, and if so we ask whether the procedures followed by the State were constitutionally sufficient." Swarthout v. Cooke, 562 U.S. 216, 219, 131 S. Ct. 859, 178 L. Ed. 2d 732 (2011).

---

Regardless of whether Johnson has named the proper defendant, he has not set forth allegations showing that either the LASD or Los Angeles County had a "policy or custom" that is the moving force behind the violations he alleges here.

7

Courts have held prisoners have "no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest," but they do have "the right not to be deprived of a protected liberty interest without due process of law." Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986); see also Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) (finding inmate's claims based upon falsity of charges brought by a prison counselor did not state a constitutional claim). In order to establish the deprivation of a protected liberty interest, a prisoner must allege an "atypical, significant deprivation in which a State might conceivably create a liberty interest." Sandin v. Conner, 515 U.S. 472, 486, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995) (holding "segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest"). In order to establish the denial of procedural protections afforded by due process, a prisoner must allege denial of the requirements set forth in Wolff v. McDonnell, 418 U.S. 539, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974), which include written notice, the right to call witnesses, the right to present documentary evidence, and the right to have a written statement by the factfinder as to the evidence relied upon and the reasons for the disciplinary action taken. See Serrano v. Francis, 345 F.3d 1071, 1077-78 (9th Cir. 2003).

**2. Analysis**

Here, to the extent Johnson raises a Fourteenth Amendment due process claim against defendant Moore in his individual capacity regarding Johnson's disciplinary hearing, such claim fails. Johnson appears to allege defendant Moore conducted a disciplinary meeting resulting in Johnson being ordered to ad-seg and placed on K-10 status. Compl. at 17-18. It appears Johnson claims he was wrongly accused of "fighting" when he was merely walking with his hands behind his back, and then punched. See id. at 17. However, Johnson has no due process right to be free from false accusations. See Freeman, 808 F.2d at 951; see also Sprouse, 870 F.2d at 452. Additionally, the action that Johnson challenges (i.e., being placed into ad-seg and

8

labeled with K-10 status) fails to constitute an "atypical, significant deprivation in which a State might conceivably create a liberty interest." Sandin, 515 U.S. 486. Finally, Johnson has not alleged he was denied the procedural protections set forth in Wolff.

Accordingly, Johnson's Fourteenth Amendment due process claim against defendant Moore in his individual capacity must be dismissed.

## V.

## **LEAVE TO FILE A FIRST AMENDED COMPLAINT**

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Plaintiff is advised that the Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, while the Court believes Plaintiff has failed to plead sufficient factual matter in his pleading, accepted as true, to state a claim to relief that is viable on its face, Plaintiff is not required to omit any claim in order to pursue this action. However, if Plaintiff asserts a claim in his First Amended Complaint that has been found to be deficient without addressing the claim's deficiencies, then the Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a**

**blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a First Amended Complaint, he must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint, or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. **Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint.** Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. Cty. of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is**

**directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if he chooses to voluntarily dismiss the action.**

**Plaintiff is explicitly cautioned that failure to timely respond to this Order will result in this action being dismissed with prejudice for failure to state a claim, or for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: July 10, 2019

HONORABLE KENLY KIYA KATO
United States Magistrate Judge